_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 18, 2015

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br>HORIZON VILLAGE SQUARE, LLC,<br>               Debtor. | Case No.: 11-21034-MKN<br>Chapter 11<br>Date:  September 16, 2015<br>Time:  9:30 a.m. |

**ORDER ON MOTION TO VACATE OR CONTINUE VALUATION HEARING[1]**

On July 13, 2011, Horizon Village Square, LLC ("Debtor") filed a voluntary Chapter 11 petition. (ECF No. 1). It is, and has been, the debtor-in-possession, operating its business and managing its property, since the filing of the petition. The limited liability company is owned by several members[2] and is managed by Nigro Development, LLC ("Nigro Development"), which in turn is managed by Todd Nigro ("Nigro").[3] Debtor's business consists of the ownership and operation of a 24,713 square foot commercial office building located at 9115 West Russell Road, Las Vegas, Nevada (the "Property"). Debtor's primary creditor is Wells Fargo Bank, N.A.

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as well as the minute entries of the clerk as they appear on the docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

[2] According to the Debtor's statement of financial affairs (ECF No. 34), the members are the 1990 Nigro Trust, Charles Hansen, David Coons, Kathleen and Scott Mac Dougal, Nigro Development, LLC, Sierra Nevada Financial Group, LLC, and Wanda Jacobs Family Trust.

[3] Attached to the Chapter 11 petition is a copy of an Action by Written Consent of the Sole Manager of the Debtor, signed by Mr. Nigro for Nigro Development LLC, manager of the Debtor.

1

1  ("Wells Fargo").

2  On November 13, 2014, the court entered an order denying without prejudice final
3  approval of a disclosure statement (ECF No. 89) and confirmation of a plan of reorganization
4  (ECF No. 81) previously proposed by the Debtor. (ECF No. 304). That order was accompanied
5  by a memorandum decision. (ECF No. 303).

6  On November 13, 2014, the court also entered an order conditioning the automatic stay
7  on the Debtor's continued adequate protection payments made to Wells Fargo and the Debtor's
8  timely submission of a proposed amended plan. (ECF No. 302).

9  On December 24, 2014, Debtor filed a proposed amended disclosure statement (ECF No.
10 312) along with a proposed amended plan of reorganization. (ECF No. 310).

11 On February 13, 2015, a further amended disclosure statement was filed ("Amended
12 Disclosure Statement"). (ECF No. 349).

13 On February 20, 2015, an order was entered approving the Amended Disclosure
14 Statement and scheduling a hearing on plan confirmation. (ECF No. 359). The confirmation
15 hearing was scheduled to be held on April 28, 2015.

16 On February 26, 2015, Wells Fargo filed a motion to determine the value of its secured
17 claim ("Valuation Motion"). (ECF No. 362).[4] The Valuation Motion was noticed to be heard on
18 April 8, 2015 ("Valuation Hearing"). (ECF No. 363).

19 On March 27, 2015, Wells Fargo filed a renewed motion for relief from stay ("MLS")
20 (ECF No. 371) that was noticed to be heard concurrently with plan confirmation. (ECF No.
21 403).[5]

22 On April 7, 2015, a stipulation regarding the hearing on plan confirmation and the MLS

---

24 [4] The hearing on the Valuation Motion was noticed for April 8, 2015. (ECF No. 366).
25 On March 27, 2015, Debtor filed opposition. (ECF No. 380). On April 4, 2015, Wells Fargo filed its reply. (ECF No. 386). Because the parties stipulated to the value of Wells Fargo's claim for purposes of plan confirmation, on April 7, 2015, they stipulated to continue the hearing
26 on the Valuation Motion to May 27, 2015, i.e., after the plan confirmation hearing. (ECF No.
27 392).

28 [5] On April 16, 2015, Debtor filed opposition to the MLS. (ECF No. 406). On April 23, 2015, Wells Fargo filed its reply. (ECF No. 416).

2

was filed by the Debtor and Wells Fargo ("Confirmation Stipulation"). (ECF No. 390).[6] On the same date, a stipulation to continue the Valuation Hearing was filed. (ECF No. 391).

On April 15, 2015, a further amended Debtor's Plan of Reorganization ("Amended Plan") was filed pursuant to the Confirmation Stipulation. (ECF No. 403).

On April 20, 2015, Wells Fargo filed its objection to confirmation of the Amended Plan. (ECF No. 409). On April 21, 2015, Debtor filed its summary of ballots. (ECF No. 410). On April 22, 2015, Wells Fargo filed the Declaration of Kevin Haley in support of its objection to plan confirmation as well as in support of its MLS. (ECF No. 411). On the same date, Debtor filed the Declaration of Todd Nigro in support of plan confirmation. (ECF No. 414).

On April 24, 2015, Debtor filed its brief in support of plan confirmation that responded to the objections presented by Wells Fargo. (ECF No. 419).

On April 28, 2015, a hearing on plan confirmation was conducted in conjunction with the MLS. At the hearing, the Nigro and Haley declarations were admitted into evidence as the direct testimony of the witnesses, and each witness was subject to cross-examination. The parties also stipulated to the admission of various documents. A deadline of May 22, 2015, was established for the submission of post-hearing briefs.

On May 20, 2015, the parties stipulated to extend the post-hearing brief deadline to May 29, 2015. (ECF No. 435).

On May 27, 2015, the parties agreed in open court to continue the Valuation Hearing to August 4, 2015. (ECF No. 443).

On May 28, 2015, the parties stipulated to further extend the post-hearing brief deadline to June 5, 2015. (ECF No. 444).

On June 5, 2015, Wells Fargo submitted its post-hearing brief. (ECF No. 447).

On June 6, 2015, Debtor submitted its post-hearing brief. (ECF No. 449).

On June 15, 2015, the parties stipulated to continue the Valuation Hearing to August 13, 2015, and to extend various discovery and briefing deadlines. (ECF No. 456).

---

[6] On April 24, 2015, an order was entered approving that Stipulation. (ECF No. 417).

3

1     On July 31, 2015, a stipulated scheduling order ("Scheduling Order") was entered to
2 continue the Valuation Hearing to September 21, 2015, and to modify discovery and filing
3 deadlines. (ECF No. 480).
4     On September 1, 2015, the parties stipulated to extend discovery on the Valuation
5 Motion to September 11, 2015. (ECF No. 484).
6     On September 3, 2015, Debtor filed the instant Motion to Vacate or Continue Valuation
7 Hearing ("Motion"). (ECF No. 487). An order shortening time was entered so that the Motion
8 could be heard on September 16, 2015. (ECF No. 491). On September 10, 2015, Wells Fargo
9 filed opposition. (ECF No. 494).
10     On September 14, 2015, Debtor and Wells Fargo filed their respective witness and
11 exhibit lists. (ECF Nos. 501, 502).
12     On September 16, 2015, a hearing on the Motion was conducted and the appearances of
13 counsel were noted on the record. After arguments were presented, the Motion was taken under
14 submission.
15     The court having considered the written and oral arguments of the parties, together with
16 the representations of counsel and the record in the proceeding, concludes that the Motion should
17 be granted for the reasons set forth below.
18     All briefing on confirmation of the Amended Plan as well as the MLS has been
19 completed since June 6, 2015. The court previously indicated that in the event the Amended
20 Plan is not confirmed, the MLS likely will be granted for cause pursuant to Section 362(d)(1)
21 inasmuch as the Debtor will have had ample opportunity to confirm a plan of reorganization. In
22 the event the Amended Plan is confirmed, thereby providing for treatment of Wells Fargo's
23 claim, Debtor takes the position that resolution of the Valuation Motion is unnecessary. Wells
24 Fargo asserts that determination of its Valuation Motion still will be required even if the
25 Amended Plan is confirmed. Additionally, Wells Fargo believes that even if the Amended Plan
26 is not confirmed and its MLS is granted, determination of the Valuation Motion is still required
27 to the extent Wells Fargo would seek judicial foreclosure of the Property. In other words, a
28 determination of the matters involved in the Valuation Motion may have issue preclusive effect

4

in a subsequent judicial proceeding between the parties outside of bankruptcy.

Even though discovery has been completed and witnesses for the Valuation Motion have been disclosed, Debtor maintains that the Valuation Hearing should be vacated or continued pending a decision on plan confirmation. Debtor views the hearing as a potentially unnecessary expense to the estate while Wells Fargo views the hearing as a potentially inevitable event. Given the parties' agreement that Wells Fargo is an oversecured creditor within the meaning of Section 506(b), Debtor's view is that any legal fees incurred by Wells Fargo would be allowed as part of its secured claim and therefore should be avoided as a potential additional expense to the estate.

The parties disagree on the complexity of the Valuation Hearing. Wells Fargo believes that only one witness, Mr. Nigro, must be examined, and solely with respect to the Debtor's sources of income, and whether that income constitutes Wells Fargo's collateral.[7] Debtor believes that the analysis is not so simple, and will require the funds held by the Debtor to be traced before the value of Wells Fargo's collateral, and therefore the allowed amount of Wells Fargo's secured claim, can be determined. Wells Fargo suggests that any tracing requirement would be a legal matter that can be addressed through post-hearing briefs, rather than through extended time in court. Debtor, of course, disagrees. The viewpoints of counsel for both parties obviously differ and both are completely reasonable.

Except for lead counsel for Wells Fargo, all counsel and the one anticipated witness, are located in Las Vegas. Inasmuch as discovery has been completed, including the deposition of Mr. Nigro, the record with respect to this contested matter is static. Under these circumstances, the only material questions are whether any parties will be prejudiced by a continuance of the Valuation Hearing and whether a continuance will be beneficial.

Wells Fargo's desire to complete the hearing as soon as possible is understandable, but

---

[7] On September 11, 2015, the Declaration and Expert Report of Kaye A. Cuba Regarding Property Valuation in Support of Wells Fargo Bank, N.A.'s Motion for Valuation of Secured Claim, etc., (ECF No. 496) was filed. The declarant is on the witness list submitted by Wells Fargo. Counsel indicated at the hearing on the Motion, however, that live testimony by this witness is not required at the Valuation Hearing. Rather, only Mr. Nigro will be called to testify.

5

no prejudice to its ability to present its Valuation Motion has been suggested. There is no indication that Wells Fargo's lead counsel will not be available for a continued hearing. A possible monetary impact may be inferred from the mere fact that any attorney who has "geared up" for an imminent hearing usually must repeat that process somewhat before any continued hearing goes forward. The cost of counsel's renewed preparation, however, likely would be part of Wells Fargo's allowed secured claim.

The potential benefit of a continuance may be significant if a ruling on plan confirmation obviates the necessity to resolve the Valuation Motion. Even Wells Fargo does not know if it would proceed by judicial or nonjudicial foreclosure in the event plan confirmation is denied and the MLS is granted. If the Valuation Motion need not be decided, then the unnecessary incurrence of legal expenses and devotion of limited judicial resources may be avoided.

Balancing the potential prejudice against the potential benefits of a continuance, the court concludes that a continuance of the Valuation Hearing is appropriate. So that a ruling on confirmation of the Amended Plan as well as the MLS does not get buried under the press of other matters before the court, however, a telephonic status conference will be scheduled.

**IT IS THEREFORE ORDERED** that the Motion to Vacate or Continue Valuation Hearing brought by Horizon Village Square, LLC, Docket No. 487, be, and the same hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that the evidentiary hearing on Wells Fargo Bank, N.A.'s Motion for Valuation of Secured Claim Pursuant to Section 506(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3012 , Docket No. 362, is **VACATED** from the calendar for September 21, 2015. Counsel are not required to lodge any exhibits with the court regarding that hearing until further ordered by the court.

**IT IS FURTHER ORDERED** that a telephonic status conference regarding the same motion will be held on October 28, 2015, at 11:00 a.m. Counsel for the Debtor and Wells Fargo Bank are directed to contact Benji Rawling, courtroom deputy, to arrange for the telephonic appearance. In the event counsel seek to reschedule the telephonic status conference for a later date, they may stipulate to do so.